# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

Katherine Harris,

et al.,

       Plaintiffs

       v.

SOCIALIST PEOPLE'S LIBYAN ARAB JAMAHIRIYA (Libya)

et al.

       Defendants

CV 06-0732 (RWR)

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' EXPARTE MOTION FOR A 14 DAY STAY

The complaint was filed on April 21, 2006 and the complaint and summons were served on July 6, 2006. Defendants' deadline to respond was September 6, 2006. Defendants thereafter requested Plaintiffs join them in a consent motion to extend their response time to October 6, 2006. Plaintiffs consented to the motion, which extended Defendants' deadline to October 6, 2006, and the parties thereafter filed four joint requests to extend Defendants' time to file a responsive pleading. The cumulative effect of these joint motions extended Defendants' time to file until January 15, 2007.

Defendants filed a Motion to Dismiss Plaintiffs' complaint on January 15, 2007. On January 22, 2007, the parties then filed a consent motion to stay the case for 60 days until March 26, 2007. Plaintiffs and Defendants requested a 60 day stay in order to analyze whether impending US-Libya government-to-government talks on the subject of the LaBelle Discotheque bombing might benefit the disposition of the case. The Court granted

this request on January 25, 2007, which extended the due date for Plaintiffs' reply to March 26, 2007.

This case springs from the same set of events and includes the same Defendants (but not the same Plaintiffs) as Beecham v. Socialist People's Libyan Arab Jamahiriya, 01-cv-02243 (RWR).  This case has been therefore been stayed while government-to-government talks proceed with the aim of settling Beecham, which would or would not resolve this case.  On March 21, 2007, in order to provide further time for the governments to conduct such talks, Plaintiffs and Defendants jointly requested another stay in this case, which extended Plaintiffs' time to file an opposition to Defendants' Motion to Dismiss until May 26, 2007.

The government-to-government talks continue but the precise state of negotiations is ambiguous.  Counsel for Plaintiffs called counsel for Defendants to determine whether another 60 day stay would be appropriate.  Counsel continue to work on a cooperative basis however counsel for Defendants was unable to take a position on the question because he was without authority to respond and told counsel for Plaintiffs that he would contact his clients to obtain their response.[1]

Plaintiffs therefore request a 14 day stay to allow Counsel for the Defendants to obtain a response to the request for another 60 day stay.  Counsel for Defendants is without authority to join in Plaintiffs' request for a 14 day stay and takes no position on the motion.  Should the Defendants instruct their counsel to respond negatively, Plaintiffs will request a 30 day window to brief their Opposition to Defendants' Motion to Dismiss.

The stay will allow the court to conserve judicial resources that would otherwise be potentially squandered in the adjudication of a motion to dismiss in this case.

Therefore, in the interests of judicial economy, Plaintiffs request a 14 day stay.

3

Dated: June 4, 2007                                Respectfully submitted,


                                                   **/s/ Steven R. Perles**
                                                   Steven R. Perles
                                                   Perles Law Firm, PC
                                                   1146 19th Street, NW, Fifth Floor
                                                   Washington, DC  20036
                                                   Telephone:  202-955-9055
                                                   Telefax:  202-955-3806

                                                   Counsel for Plaintiffs

---

[1] Counsel for Defendants also notified counsel for Plaintiffs he would be traveling out of the country for the next 6-7 days.