**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| KARIN GERTRUDE HARRIS, *ET AL.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Case No: 06-732 (RWR) |
| ) | |
| THE SOCIALIST PEOPLE'S LIBYAN ) | |
| ARAB JAMAHIRIYA, *ET AL.,* ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' OPPOSITION
TO PLAINTIFFS' EXPARTE MOTION FOR 14 DAY STAY AND CROSS-MOTION TO
CONSIDER DEFENDANTS' MOTION TO DISMISS AS CONCEDED**

Defendants (hereafter "Libya") oppose plaintiffs' exparte motion for a 14 day stay and further move for a request that Libya's motion to dismiss for lack of subject-matter jurisdiction, personal jurisdiction and in the alternative for failure to state claims be considered as conceded and plaintiffs' complaint be dismissed. Libya's motion to dismiss was filed on January 15, 2007.

Plaintiffs' exparte motion for a stay requests that the Court further enlarge plaintiffs' time to file an opposition to Libya's motion to dismiss. The request should be denied.

Plaintiffs did not contact Libya to seek consent for a new enlargement of time to file their opposition to Libya's motion to dismiss until June 4, 2007 which was 9 days after the expiration of the enlargement granted by the Court to the plaintiffs to file an opposition to Libya's motion to dismiss. Plaintiffs have not explained or provided any cause for their failure to seek a timely request from Libya for consent for an enlargement of their time to file their opposition. Plaintiffs also did not file a motion for an enlargement of time (without seeking the consent of Libya) to file their opposition.

Libya does not consent to any further extensions for plaintiffs' to file an opposition. As

plaintiffs failed to seek any extension from Libya in a timely manner and also failed to file a motion seeking an extension from the Court, the Court should expeditiously consider Libya's motion to dismiss as concede and grant Libya's motion to dismiss plaintiffs' complaint. Both the relevant Federal Rules of Civil Procedure as well as the Local Rules for the District of Columbia require such a dismissal. Rule 6, in relevant part, states:

> **RULE 6.   TIME**
>
> **(a) . . .**
>
> **(b) Enlargement.**  When by these rules or by a given notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged <u>if request therefore is made before the expiration of the period originality prescribed</u> or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permitting the act to be done where the failure to act was the result of excusable neglect; . . .

Rule 6(b), Fed. R. Civ. P. (*emphasis added*).

Plaintiffs did not make a request for the enlargement of the time prior to the expiration of the time to file their opposition to Libya's motion to dismiss on May 26,2007 (enlargement previously granted by Minute Order on April 3, 2007 by the Court).

Plaintiffs have also not advanced <u>any</u> cause or demonstrated that the failure to act was the result of an excusable neglect prior. Although plaintiffs' motion has alluded to some possible future negotiations for an out-of-court settlement of the above captioned case there are no such negotiations currently undertaken or anticipated.  The Local Rules also require the same conclusion by the Court.  LCvR 7, in relevant part, states:

> **LCvR 7.  MOTIONS**
>
> **(a) . . .**
>
> **(b) Opposing Points and Authorities.**  Within 11 days of the date of service or such other time as the Court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion.  If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded.

The rule require that the Court treat Libya's motion to dismiss as conceded by the plaintiffs due to their failure to file a timely opposition.

Plaintiffs' current motion requests that the Court grant plaintiffs an enlargement of time to file an opposition.  There is no support for such an enlargement particularly as plaintiffs' failure to seek an extension (either by consent from Libya or by way of a motion) was over one week late.  Plaintiffs' failure is unexplained, is without excuse and both the Federal Rules of Civil Procedure and the Local Rules require that the Court now treat Libya's Motion to Dismiss as conceded.  The Court should dismiss plaintiffs' complaint without delay.

## **CONCLUSION**

The Court should deny plaintiffs' exparte motion for 14 day stay and treat Libya's motion to dismiss as conceded. The Court should further dismiss plaintiffs' complaint. A proposed order is attached hereto.

Dated:        June 15, 2007                                    Respectfully submitted,


                                                                                  //s//
                                                                          Arman Dabiri
                                                                          Law Offices of Arman Dabiri
                                                                                    & Associates, P.L.L.C.
                                                                          1725 I Street, N.W.
                                                                          Suite 300
                                                                          Washington, D.C. 20006
                                                                          Tel. (202) 349-3893
                                                                          E-mail: armandab@worldnet.att.net

                                                                          *Counsel for Libyan Government Defendants*