IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KARIN GERTRUDE HARRIS, *ET AL.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Case No: 06-732 (RWR) |
| ) | |
| THE SOCIALIST PEOPLE'S LIBYAN ) | |
| ARAB JAMAHIRIYA, *ET AL.,* ) | |
| ) | |
| Defendants. ) | |

**REPLY TO PLAINTIFFS' OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS**

Defendants', the Socialist People's Libyan Arab Jamahiriya and the Jamahiriya Security Organization ("Libya"), submit the following memorandum of points and authorities in reply to plaintiffs' opposition to Libya's motion to dismiss for lack of subject-matter and constitutional personal jurisdiction, and in the alternative for failure to assert a cause of action upon which relief can be granted.

**ARGUMENT**

As plaintiffs have not raised any legal issues which require a reply.  Libya respectfully refers the Court to its motion to dismiss.[1]

---

[1] The Court should simply ignore plaintiffs' assertion of government to government negotiations as false.  While the Government of Libya and the United States may be engaged in negotiations regarding the related case of Beecham, plaintiffs assertion that the instant case is part of that negotiations is simply false and can perhaps be contributed to wishful thinking.

**1.     FACTUAL ALLEGATIONS**

Plaintiffs misconstrues Libya's motion to dismiss and incorrectly request that the Court assume the truth of alleged facts for subject-matter jurisdiction. So as there is no doubt for the Court Libya asserts that the facts asserted by the plaintiffs' complaint, as well as the regurgitation of some of the same factual allegations in plaintiffs' opposition to Libya's motion to dismiss, are simply false.

Libya is of the belief that plaintiffs will be unable to substantiate any of the factual allegations which have been presented. When Libya challenges the facts upon which the Court's subject-matter jurisdiction depends, the Court may not assume the truth of the plaintiffs' allegations and "must go beyond the pleadings and resolve any disputed issues of fact the resolution of which is necessary to a ruling upon which the motion to dismiss." Price v. Socialist People's Libyan Arab Jamahiriya, 389 F.3d 192, 198 (D.C. Cir. 2004) (*quoting* Phoenix Consulting v. Republic of Angola, 216 F.3d 36, 40 (D.C. Cir. 2000)).

**2.     PLAINTIFFS' SUIT TIME BARRED**

The FISA contains an explicit jurisdictional ten year statute of limitations in 28 U.S.C. 1605(f) for cases that are brought under the terrorism exception of §1605(a)(7). Section 1605(f) states:

> **§ 1605.     General exceptions to the jurisdictional immunity of a foreign state**
>
> . . .
>
> **(f)** No action shall be maintained under subsection (a)(7) unless the action is commenced not later than 10 years after the date on which the ***cause of action arose***. All principles of equitable tolling, including the period which the foreign state was immune from suit,

shall apply in calculating this limitation period.

(Emphasis added). Plaintiffs' entire case is barred by the ten year statute of limitations of § 1605(f) as the case arose on April of 1986. Plaintiffs in this case filed the instant suit against Libya on April 21, 2006 - over twenty years after their cause of action arose and almost ten years after Libya's foreign sovereign immunity from suit in terrorism cases was removed by the 1996 Terrorism Amendment to the FSIA.[2]

Most recently two cases have reviewed this issue. In Vine v. Republic of Iraq, 459 F.Supp.2d 10, 20-21 (D.D.C. 2006) Judge Henry H. Kennedy, Jr. held that terrorism cases against foreign designated states under §1605(a)(7) are "subject to a statutory ten-year limitations period." Id. The Court then went to analyze and distinguish between when a cause of action *arises* and when a cause of action *accrues* as the plaintiffs in Vine argued that the statute of limitations for their claims against the Government of Iraq did not begin to run until the Congressional waiver of sovereign immunity on April 24, 1996. Id. The Court in Vine rejected plaintiffs' argument and held a "claim 'arises' on the date that the action in question occurred. Id.

---

[2] On April 24, 1996, as part of the comprehensive Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub.L. No. 104-132, §221(a), 110 Stat. 1214 (Apr. 24, 1996) (1996 Amendment), Congress amended the FSIA to add a new exception to immunity where money damages are sought against foreign states that have been designated as state sponsors of terrorism by the Secretary of State; suit may be brought under the 1996 Amendment for personal injury or death caused by an act of torture, extrajudicial killing, aircraft sabotage, hostage taking, or the provision of material support or resources . . . for such an act. 28 U.S.C. § 1605(a)(7); *see* Price v. The Socialist People's Libyan Arab Jamahiriya, 294 F.3d 82, 87 (D.C. Cir. 2002). Libya, pursuant to 50 U.S.C. App. § 2405(j) or 22 U.S.C. § 2371, was designated as a State Sponsor of Terrorism by the Secretary of State in 1979. Libya, on or about June 30, 2006, was subsequently removal from the State Department's list of designated State Sponsors of Terrorism.

The Honorable Judge Gladys Kessler, dismissed another case against Libya based on the decision in Vine.  Buonocore v. Great Socialist People's Libyan Arab Jamahiriya, __ F.3d__, 2007WL2007509 (D.D.C. 2007).  In Buonocore, in analyzing the 10 year statute of limitations of § 1605(f), the Court held that "Under the FSIA, the key question is when the claim 'arose', that is, when the events in question occurred".  The Buonocore decision accepts and follows the reasoning in Vine.

In this case it is undisputed that the events giving rise to the allegations of the complaint occurred, and the claims arose, on April 4, 1986.  Plaintiffs, however failed to file their complaint even after the removal of Libya's immunity on April 24, 1996.  Plaintiffs waited another ten years after the 1996 Terrorism Amendment to the FSIA.  The Court need not consider any principles of equitable tolling pursuant to the language of § 1605(f) as plaintiffs cannot under circumstance argue that a delay of 10 years was needed, was warranted, or was a reasonable before filing their complaint in April of 2006 against Libya.  Phillips v. Heine, 984 F.2d 489, 492 (D.C. Cir. 1993).  The Court should follow the well reasoned decisions in Vine by the Honorable Judge Kennedy and Buonocore by Honorable Judge Kessler and dismiss plaintiffs' complaint in this case.

While new arguments are generally not considered in a reply to an opposition there are several reasons to do so in this instance.  They are as follows:

### A.    *Jurisdiction Must be Decided as a Threshold Issue*

The ten year statute of limitations relied upon by Libya's is unquestionably a part of the 1996 Terrorism Amendment to the Foreign Sovereign Immunities Act, a purely

jurisdictional Statute.³  28 U.S.C. § 1605(f).  It is also unquestionable that the Court must decide whether it has subject-matter jurisdictional as a threshold matter.  FW/PBS, Inc. v. City of Dallas, 492 U.S. 215, 231 (1990);  Cross-Sound Ferry Servs., Inc., v. ICC, 934 F.2d 327, 339 (D.C. Cir. 1991).

The Supreme Court has held that a statute of limitations, as a condition of a waiver of sovereign immunity, is a jurisdictional bar to the plaintiffs' suit in this case.  Henderson v. United States, 517 U.S. 654, 677 (1996) ("[W]e have long held that a statute of limitations attached to a waiver of sovereign immunity functions as a condition on the waiver and defines the limits of the district court's jurisdiction to hear a claim against the United States").  It has also been held that a jurisdictional statute of limitations can "narrow the waiver of sovereign immunity".⁴  United States v. Williams, 514 U.S. 527, 534, n. 7 (1995).

### B.    *Plaintiffs Not Prejudiced*

Libya's motion to dismiss was filed in January of 2007.  The repeated requests for a stay of proceedings means that there has been change in the case law relating to the issue of the statute of limitations *(see above)*.

Even assuming that the ten year statute of limitations contained within § 1605(f) of the FSIA is not jurisdictional and is an affirmative defense, our Circuit has recognized, in reliance upon such practice in other Circuits, that it may be permitted to raise such a defense in

---

³ "[t]he FSIA is undoubtedly a jurisdictional statute which, in specified cases, eliminates foreign sovereign immunity and opens the door to subject matter jurisdiction in the federal courts.  Price, 294 F.3d at 87.  *See also* Cicippio-Puleo v. Islamic Republic of Iran, 353 F.3d 1024, 1033 (D.C. Cir. 2004).

⁴ The same logic which is applicable to the United States Government is should be, in the context of sovereign immunity, applicable to Libya.

dispositive motions where "no prejudice is shown".  Harris v. Secretary, U.S. Department of Veterans Affairs, 126 F.3d 339, 345 (D.C. Cir. 1997).[5]

If the Court is not inclined to rule on the issue as it is raised in Libya's reply, Libya, in the alternative, requests that it be allowed to amend its motion to dismiss so that plaintiffs may have the opportunity to respond to the issue.

## CONCLUSION

For the foregoing reasons, the Court should grant Libya's motion under Rule 12(b)(1) and (2), F. R. Civ. P., and dismiss this action for lack of subject-matter and constitutional personal jurisdiction over the defendants and, in the alternative, grant Libya's motion under Rule 12(b)(6), F.R.Civ.P., and dismiss the complaint for failure to state claims upon which relief can be granted.

Dated:       September 26, 2007                    Respectfully submitted,


                                                    //s//                              
                                                    Arman Dabiri
                                                    Law Offices of Arman Dabiri
                                                          & Associates, P.L.L.C.
                                                    1725 I Street, N.W.
                                                    Suite 300
                                                    Washington, D.C. 20006
                                                    Tel. (202) 349-3893
                                                    E-mail: armandab@worldnet.att.net

---

[5] Harris relied upon the following: Blaney v. United States, 34 F.3d 509, 512 (7th Cir. 1994)  (unpled untimeliness defense could be raised in motion to dismiss);  Camarillo v. McCarthy, 998 F.2d 638, 639 (9th Cir. 1993)  (affirmative defense may be raised at summary judgment absent prejudice);  Moore, Owen, Thomas & co. v. Coffey, 992 F.2d 1439, 1445 (6th Cir. 1993)  (affirmative defense may be raised in response to summary judgment motion);  Ball Corp. v. Xiden Corp., 967 F.2d 1440, 1443-44 (10th Cir. 1992)  (raising affirmative defense in summary judgment motion preserved defense for trial three months later).  Id. at 344.

*Counsel for Defendants*