# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Katherine Harris, et al.,       Plaintiffs<br><br>v.<br><br>SOCIALIST PEOPLE'S LIBYAN ARAB JAMAHIRIYA (Libya) et al.<br>      Defendants | : <br>: <br>: <br>: <br>:    CV 06-0732 (RWR)<br>: <br>: <br>: <br>: |

**PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' REPLY**

Defendants present one significant point in their Opposition: that the issue of statute of limitations is a jurisdictional issue. Defendants state "Plaintiffs willfully ignore that the FSIA is a purely jurisdictional statue [sic]". (Opp. at 2). This assertion is incorrect. The Foreign Sovereign Immunities Act ("FSIA") contains provisions on a wide variety of issues pertaining to foreign sovereign immunity and very few involve jurisdiction: subject matter jurisdiction, 28 U.S.C. § 1605(a), attachment and execution, 28 U.S.C. § 1609-11, extent of liability, 28 U.S.C. § 1606, default and service of process, 28 U.S.C. § 1608, and statute of limitations, 28 U.S.C. § 1605(f).

A statute of limitations defense is an affirmative defense in civil litigation, Fed. R. Civ. P. 8(c), including cases brought under the FSIA. E.g., Morris v. People's Republic of China, 478 F. Supp. 2d 561, 566 (S.D.N.Y. 2007) ("Where the dates in a complaint show that an action is barred by a statute of limitations, a defendant may raise the affirmative defense in a pre-answer motion to dismiss[, which] is properly treated as a Rule 12(b)(6)

motion to dismiss."); Rux v. Republic of Sudan, 2005 U.S. Dist. LEXIS 36575 at *82 (E.D. Va. August 26, 2005) ("The statute of limitations is an affirmative defense. Fed. R. Civ. P. 8(c)."). The statute of limitations is an affirmative defense rather than a jurisdictional one. Contrary to Defendants' assertions the Court is not under an obligation to consider it when raised for the first time in a reply brief. Defendants do not have a right to raise a defense for the first time in a reply brief. See e.g., Public Citizen Health Research Group v. NIH, 209 F. Supp. 2d 37, 44 (D.D.C. 2002).

## CONCLUSION

For the above reasons, and those stated in the Motion to Strike, Plaintiffs respectfully request the Court strike the portions of Defendants' Reply Memorandum to Plaintiffs' Opposition to Defendants' Motion to Dismiss that pertain to a statute of limitations defense.

Dated: October 30, 2007                    Respectfully submitted,


                                           /s/ Steven R. Perles
                                           Steven R. Perles
                                           Perles Law Firm, PC
                                           1146 19th Street, NW, Fifth Floor
                                           Washington, DC  20036
                                           Telephone:  202-955-9055
                                           Telefax:  202-955-3806

                                           Counsel for Plaintiffs