UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Katherine Harris, et al., | : |
| Plaintiffs | : |
| v. | : CV 06-0732 (RWR) |
| SOCIALIST PEOPLE'S LIBYAN ARAB JAMAHIRIYA (Libya) et al. | : |
| Defendants | : |

**OPPOSITION TO DEFENDANTS' MOTION FOR AN EXTENSION OF TIME**

It has been my custom for the last 33 years to never oppose a request of opposing counsel for a reasonable accommodation, such as the new counsel for defendants has presented here with request for time to get up-to-speed on this case. Unfortunately, the instant case is in fact part-and-parcel of a series of cases resulting from Defendants' bombing of the LaBelle Discotheque on April 5, 1986, which are pending before this Court as Beecham v. People's Arab Jamahiriya of Libya, CA 01-2243 (RWR) and related cases. Plaintiffs in these cases are victims of an act of terrorism conducted by the Libyan state against US service personnel on April 5, 1986. Plaintiffs expect a request for an extension in the Beecham case to be made and will oppose the motion on the same basis as in this case--that the plaintiffs in the LaBelle cases have suffered terribly as a result of Defendants' dilatory conduct.

At the time of the attack, Plaintiffs were predominantly from working class families and were in the process of elevating their status in life by serving their country in the armed forces and learning new skills and preparing for new and better futures. Unfortunately, Defendants interrupted those dreams and aspirations by carrying out a cowardly and heinous terrorist attack on the LaBelle Discotheque without any warning or justification. As a consequence, many of the surviving victims now subsist entirely on the largess of the US Veterans Administration, which has placed the majority of them on 100% VA disability pensions. They live from hand to mouth and VA check to VA check. They ask me frequently what has happened to their case and why I cannot do anything to advance this matter to a just resolution. In this context I can not agree to a 2 month extension of time for Defendants. Defendant is an oil-rich country with virtually unlimited resources. Counsel for Defendants is an immense and prestigious law firm with vast resources aided by the participation of former counsel for Defendants. A two month extension is unnecessary and uncalled for.

Beecham has now been before the court for seven years without a ruling on Defendants' Motion to Dismiss. The Beecham case has been delayed on several occasions for purely frivolous reasons, such as the nearly 2 year delay that resulted from the taking of a collateral order doctrine appeal to the Court of Appeals simply because the Court ordered the parties to attend a scheduling conference.[1] The Beecham case was also

---

[1] One of the more egregious examples of abuse of the collateral order doctrine came when the Socialist People's Libyan Arab Jamahiriya appealed a district court order that required the parties to meet and "confer and submit a joint jurisdictional discovery plan as a prelude to actual discovery." *Beecham v. Socialist People's Libyan Arab Jamahiriya*, 424 F.3d 1109, 1111 (D.C. Cir. 2005) (the *Beecham* case arises from the same set of facts as this one and includes the same Defendants). The Court of Appeals found that the appeal was "several steps removed" from its jurisdiction. *Id.* at 1112.

delayed by several stays requested by Defendants ostensibly for the purpose of settlement negotiations, which Defendants frequently canceled or failed to attend--evidencing their continued bad faith.  Finally, when a settlement agreement in <u>Beecham</u> was completed between the parties, as evidenced by the submission of release of claims forms by all Plaintiffs to Defendants as requested by Defendants, Defendants refused to honor the terms of the agreement.  The <u>Beecham</u> Plaintiffs consequently filed a Motion to Enforce the Settlement Agreement on August 7, 2006.

The unreasonable nature of the delays has led to a response from both the Executive and Legislative branches of the US government.  In July of 2007, National Security Advisor for Homeland Security Affairs Frances Townsend hand-delivered a note to Libyan leader Muammar Gaddafi from President George W. Bush.  Gordon Johndroe, a spokesman for the National Security Council described the contents of the letter during a press briefing:  "President Bush noted the importance of resolving outstanding issues, specifically for victims of Pan Am 103 and La Belle bombings. . . ."  The President's letter came several months after the <u>Beecham</u> Plaintiffs had filed their closing argument after a hearing before the Honorable Magistrate Judge Deborah Robinson on the subject of the pending motion to enforce the settlement agreement between Plaintiffs and Defendants and was part of the US diplomatic effort to assist the LaBelle victims in obtaining their bargained-for settlement.

Congress's response to Defendants' dilatory litigation tactics was to change the rules of procedure in Foreign Sovereign Immunities Act cases brought as a result of acts of state-sponsorship of terrorism.  After Defendants' abusive delaying tactics were

---

Despite the frivolousness of the appeal, the Socialist People's Libyan Arab Jamahiriya was able to delay the case over 20 months before it returned to the district court.

3

brought to the attention of the last Congress, section 1083 of the Defense Authorization Act for Fiscal Year 2008 was passed by an overwhelming margin by both Houses of Congress and duly signed into law by the President.  Congress's revulsion at Defendants' conduct was unambiguous.  The Defense Authorization Act terminated the right of foreign sovereigns to collateral order doctrine appeals.  28 U.S.C. § 1605A(f).  Those foreign sovereigns now must seek certification of interlocutory appeals under 28 U.S.C. § 1292(b).

While Defendants' newly-appointed counsel is in no way connected to the above-described litigation strategy of Defendants in the LaBelle cases, the fact is inescapable that Defendants have abused the rules of decorum that are the hallmark of the civilized practice of law and Plaintiffs have suffered enormously as a direct result of Defendants' misconduct.  Time is not on the side of those whose disabilities force them to live from hand to mouth and VA check to VA check.

Although it is a radical departure from the ordinary course of the practice of law in my office to oppose an otherwise civil motion as is presented here, I am ethically compelled to object to any further delay in this matter because of the very real hardship that Defendants' previous appalling tactics have worked upon my clients.

## CONCLUSION

Plaintiffs respectfully request the Court deny Defendants' request for an extension of time to file.

**Date: March 17, 2008**

/s/ *Steven R. Perles*
Steven R. Perles     (D.C. Bar# 326975)
Edward MacAllister   (D.C. Bar# 494558)
Perles Law Firm, PC
1146 19th Street, NW
Suite 500
Washington, DC 20036
202.955.9055
202.955.3806 (facsimile)

ATTORNEYS FOR PLAINTIFFS