## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Katherine Harris, : | |
| et al., : | |
|     Plaintiffs : | |
| : | CV 06-0732 (RWR) |
| v. : | |
| SOCIALIST PEOPLE'S LIBYAN : | |
| ARAB JAMAHIRIYA (Libya) : | |
| et al. : | |
|     Defendants : | |

## OPPOSITION TO DEFENDANTS'
## RENEWED MOTION FOR AN EXTENSION OF TIME

The time for Defendants to respond to Plaintiffs' Amended Complaint and Plaintiffs' Motion for Partial Summary Judgment has expired. Plaintiffs' Amended Complaint was filed on March 3, 2008. Pursuant to Fed. R. Civ. P. 15(a)(3), Defendants' response was due on March 17, 2008. Plaintiffs also filed a Motion for Partial Summary Judgment on March 12, 2008. Pursuant to Local Rule 7(b), Defendants' response was due on March 23, 2008. Defendants' only remedy now lies with a motion filed pursuant to Fed. R. Civ. P. 6(b) or the Court must find that all allegations contained within Plaintiffs' Amended Complaint are admitted as a result of Defendants' failure to timely file an Answer or otherwise respond. The Court must also grant Plaintiffs' Motion for Partial Summary Judgment unless Defendants are able to articulate "excusable neglect" under Fed. R. Civ. P. 6(b).

Federal Rule Civil Procedure 6(b) provides the standard by which a court is to be guided when a party requests an extension of time to file a pleading. *Biton v. Palestinian Interim Self-Government Auth.*, 239 F.R.D. 1, at 5. When the request for an extension is made after the deadline has passed, the court may extend the deadline only "where the failure to act was the result of excusable neglect." Fed. R. Civ. P. 6(b). *Id.* A "post-deadline extension[] may be granted only 'for cause shown' and 'upon motion.'" *Smith v. District of Columbia*, 430 F.3d 450, 455 (D.C. Cir. 2005) (quoting *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 896 (1990)). "Any post-deadline motion 'must contain a high degree of formality and precision, putting the opposing party on notice that a motion is at issue and that he therefore ought to respond.'" *Smith*, 430 F.3d at 455 (quoting *Lujan*, 497 U.S. at 896 n. 5).

Here, the Defendants have not filed a Rule 6(b) motion to file out-of-time. *See e.g.*, *Biton*, 239 F.R.D. at 3 (holding that in the absence of any motion for an extension, the trial court [has] no basis on which to exercise its discretion and determine if excusable neglect exists). "There is no authority permitting Defendants to file the answer out of time and without excusable neglect." *Biton*, 239 F.R.D. at 5. Accordingly, the Defendants' failure to file a timely Answer to Plaintiffs' Amended Complaint and Plaintiffs' Motion for Partial Summary Judgment is not ameliorated by the filing of a "renewed motion" for an extension of time to file.

By failing to Answer the Complaint in accordance with the Federal Rules of Civil Procedure, the Defendants have admitted each of the factual allegations contained therein. Fed. R. Civ. P. 8(b)(6) provides "an allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and that allegation

is not denied". Accordingly, by failing to timely respond to the Plaintiffs' First Amended Complaint, each of the factual allegations contained therein, should be deemed admitted by this Court.

Furthermore, Defendants have failed to timely respond to Plaintiffs' Motion for Partial Summary Judgment. Plaintiffs' Motion for Partial Summary Judgment should therefore be granted unless Defendants can show, upon motion, excusable neglect.

## CONCLUSION

Plaintiffs respectfully request the Court deny Defendants' renewed request for an extension of time to file.

**Date: March 31, 2008**

/s/ *Steven R. Perles*
Steven R. Perles     (D.C. Bar# 326975)
Edward MacAllister   (D.C. Bar# 494558)
Perles Law Firm, PC
1146 19th Street, NW
Suite 500
Washington, DC 20036
202.955.9055
202.955.3806 (facsimile)

ATTORNEYS FOR PLAINTIFFS