## AFFIDAVIT OF PROF. DR. NILS CLEMM

I, NILS CLEMM, being duly sworn, state as follows:

1. I am a partner at White & Case LLP in the firm's Berlin, Germany office. I am admitted to practice law in Germany. I submit this affidavit in support of the Libyan State Defendants' opposition to Plaintiffs' motion for partial summary judgment as to liability dated March 13, 2008, which was submitted in the cases of *Clay v. Libya*, 1:06-CV-00707-RWR (D.D.C.) and *Harris v. Libya*, 1:06-CV-00732-RWR (D.D.C.).

2. In order to effectively oppose Plaintiffs' motion, I understand that the Libyan State Defendants require access to the full criminal file in the German case against Yasser Mohamed Chraidi, *et al.* in the Regional District Court of Berlin, Germany (the "La Belle" case). Access to this file will depend on the German authorities' interpretation of Section 475 of German Criminal Procedure Code. I provide this affidavit to explain this law and the procedures involved in obtaining access to the "La Belle" case file.

3. Translated from German, Section 475 provides as follows:

   (1) Notwithstanding the provisions of § 406e, counsel for a private person or for other parties shall be entitled to be furnished with information contained in those files which are available to the court or those which would have to be submitted to the court if charges are filed, if counsel can demonstrate a legitimate interest. Information shall not be furnished if the party affected has an interest in refusal that is worthy of protection.

   (2) Inspection of the files may be permitted, subject to the conditions in paragraph 1, if furnishing information would involve a disproportionate cost, or if the person seeking to inspect the files can show that it would not be sufficient to protect his legitimate interest.

   (3) Pieces of evidence in the official custody of the court may be inspected, subject to the conditions in paragraph 2. Upon application, counsel may be permitted to take the files, with the exception of pieces of evidence, to his office or to his private premises for inspection, to the extent that the right to inspect the files has been granted and unless there are significant reasons to the contrary. The decision shall not be contestable.

   (4) Private persons or other parties can be furnished with information from the files, subject to the conditions in paragraph 1.

4.      Section 475 permits us as counsel for the Libyan State Defendants to inspect the criminal files in the La Belle case and to obtain information and copies from these files if we show a legitimate interest in doing so. The German Criminal Procedure Code does not define what constitutes a "legitimate interest." Recent decisions of German courts nonetheless have recognized that examining civil-law claims is a legitimate interest warranting inspection of criminal investigation files. Defending against civil-law claims equally gives rise to a legitimate interest.

5.      Section 475 prohibits granting access to the files if another affected party has an interest worthy of protection that overrides the legitimate interest in inspection (*i.e.*, interests in personal privacy, trade or business secrets, or tax secrecy).

6.      Given that the La Belle case included a public trial before the Regional District Court of Berlin and the case thus was closed several years ago, I am not aware of any potentially overriding secrecy interest that would prohibit our access to the files. Also, under Section 477 (5) of the German Criminal Procedure Code, any personal data contained in the files may be used only for the purposes for which access to the files was granted.

7.      Accordingly, although we believe we should be granted full access to the files of the La Belle case, it is possible that potentially affected parties may attempt to block our access to the files. I understand the full file to include the decision of the Berlin Regional District Court, which is an unreported decision of which only a redacted version is generally available to the public. Further, there may be restrictions placed upon our review of the files such as our ability to share with others any information reviewed and not needed for submission to this Court.

8.      My colleagues in Washington, D.C. have also asked that I provide some information regarding the protocols involved in securing the deposition of individuals incarcerated in prison in Germany.

9.      Under the German statute to implement the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (*Ausführungsgesetz zum Haager Übereinkommen über die Beweisaufnahme im Ausland in Zivil- und Handelssachen* = HaagÜbkAG) it is possible to examine persons resident in Germany – including persons who are currently serving sentences in prison – by way of providing judicial assistance requested by a US court. For this a letter of request for judicial assistance is required from the court where the civil proceedings are pending. The letter of request must be either written in German or accompanied by a German translation and be directed to the Competent Authority, as determined by the government of the German Federal State concerned. The Competent Authority for the State of Berlin is the "*Senatsverwaltung für Justiz*" [Berlin Justice Department]. The request for judicial assistance has to name the authority seeking assistance (*i.e.*, the court hearing the case). It must also specify: the names and addresses of the parties to the proceedings and of their representatives if any; the nature and subject matter of the proceedings; a condensed version of the facts of the case; as well as the type of evidence which is to be taken. It must further specify: the names and addresses of the persons to be examined; the questions to be put to the persons to be examined or a statement of the subject-matter about which they are to be examined; as well as – if applicable – an application that the evidence is to be given on oath or affirmation, and any special form to be used. Members of the foreign court are permitted to be present during the execution of a letter of request – here the examination of witnesses – by the Local Court [*Amtsgericht*] if this is authorized by the Competent Authority determined by the government of the German Federal



State (in Berlin the *Senatsverwaltung für Justiz*). The Competent Authority may also authorize that the taking of evidence be performed by a member of the court requesting assistance – possibly subject to conditions. The Competent Authority to decide on the execution of a letter of request is the Local Court within whose district the official act is to be performed – here the examination of witnesses.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 14th day of April 2008.

_____
Nils Clemm