UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KARIN GERTRUDE HARRIS, *et al.*, ) | |
| ) | |
| *Plaintiffs*, ) | |
| ) | |
| v. ) | 1:06-cv-00732-RWR |
| ) | |
| SOCIALIST PEOPLE'S LIBYAN ARAB ) | |
| JAMAHIRIYA, *et al.*, ) | |
| ) | |
| *Defendants*. ) | |

**THE LIBYAN STATE DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO SUBMIT THE CASE TO MEDIATION**

The Libyan State Defendants do not believe that their participation in a settlement conference before Magistrate Judge Kay would be constructive or appropriate at this time. The Libyan State Defendants thus oppose Plaintiffs' request that this case be referred to mediation. Contrary to Plaintiffs' view of court-facilitated mediation in cases involving Libya, the Libyan State Defendants believe that case-by-case settlement conferences would be disruptive to the sensitive bilateral discussions presently ongoing between the United States and Libya. The Libyan State Defendants have communicated this same concern in other cases. *See Baker v. Great Socialist People's Libyan Arab Jamahiriya*, 1:03-cv-00749-GK (D.D.C. 2003); *MacQuarrie v. Socialist People's Libyan Arab Jamahiriya*, 1:04-CV-00176-EGS (D.D.C. 2004); *Estate of John Buonocore III v. Great Socialist People's Libyan Arab Jamahiriya*, 1:06-cv-727-GK (D.D.C. 2006); *Certain Underwriters at Lloyds London v. Great Socialist People's Libyan Arab Jamahiriya*, 1:06-cv-00731-GK (D.D.C. 2006).

Indeed, requiring the Libyan State Defendants to engage in settlement discussions simultaneously on two tracks could seriously undermine the prospect of a successful resolution of these matters. The disruption to this delicate process increases with each case that is referred to mediation. The potential for disruption is further underscored by the possibility that the ongoing bilateral discussions may resolve all pending cases including this one (although no guarantees of success can be made in this respect).

Accordingly, the Libyan State Defendants respectfully request that the Court deny Plaintiffs' request for mediation in this case at this time and instead permit the Libyan State Defendants to provide the Court with a report as to the status of the ongoing bilateral discussions within 90 days. *See MacQuarrie*, 1:04-CV-00176-EGS (Minute Order dated May 21, 2008) (staying case for 90 days in light of the ongoing bilateral discussions and requiring a status report on those discussions by no later than August 18, 2008).

Finally, if the Court is inclined to grant Plaintiffs' Motion over the objections stated herein, the Libyan State Defendants would participate in good faith and request that the case be referred to Magistrate Judge Kay who will mediate the *Buonocore*, *Lloyds* and *Baker* cases.

WHEREFORE, the Libyan State Defendants respectfully request that Plaintiffs' Motion to Submit the Case to Mediation be denied. A proposed order accompanies this opposition.

Dated:  May 22, 2008                               Respectfully submitted,

**WHITE & CASE** LLP

/s/ Nicole E. Erb
Christopher M. Curran (D.C. Bar No. 408561)
Francis A. Vasquez, Jr. (D.C. Bar No. 442161)
Nicole E. Erb (D.C. Bar No. 466620)
701 Thirteenth Street, N.W.
Washington, DC 20005
Tel.: (202) 626-3600
Fax: (202) 639-9355

*Counsel for the Socialist People's*
*Libyan Arab Jamahiriya and the*
*Jamahiriya Security Organization*