UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| Katherine Harris, | : | |
| et al., | : | |
| Plaintiffs | : | |
| | : | CV 06-0732 (RWR) |
| v. | : | |
| SOCIALIST PEOPLE'S LIBYAN ARAB JAMAHIRIYA (Libya) | : | |
| et al. | : | |
| Defendants | : | |

**REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO SUBMIT THE CASE TO MEDIATION**

Defendants ("Libya") have opposed Plaintiffs' Motion to Submit the Case to Mediation solely on the ground that a referral to mediation would disrupt the ongoing sensitive bilateral negotiations between the United States and Libya. Libya indicates that while the ongoing negotiations with the United States may resolve all pending cases against Libya for its acts of state-sponsored terrorism against United States citizens, including this case, no guarantees may be made on this point. (Opp. at 2). It is in fact public knowledge that Libya is currently involved in discussions with the United States Department of State for the purpose of reaching a comprehensive settlement involving cases pending against Libya for acts of terrorism.[1] Libya's resistance to the mediation of these cases is incongruous with Libya's stated interest in achieving a comprehensive settlement of these cases. Significantly, the Department of State has not joined Libya in its opposition to mediation out of concern for its impact on the public diplomacy that Libya characterizes as

"ongoing bilateral discussions."  (Opp. at 2).

Public diplomacy is advanced by the referral of as many pending terrorism cases against Libya as possible to a single mediator, Magistrate Judge Kay.  Mediation is the only proactive mechanism by which the quantum in individual cases may be calculated with input and consent from Plaintiffs.  Absent such a quantum for damages, a comprehensive settlement amenable to Plaintiffs would be much more difficult for the public diplomacy to achieve.  Plaintiffs' interest here is entirely in the constructive advancement of the State Department's diplomatic initiative.

Where Libya claims a desire for a "comprehensive settlement" of the terrorism cases pending against it, a glaring omission remains:  Libya seeks to avoid direct settlement negotiations with Plaintiffs.  Any talks regarding the settlement of claims against Libya are incoherent without the voices of Plaintiffs at the table.  Libya can not explain the inconsistency between its public stance calling for a comprehensive settlement of the cases pending against it and Libya's opposition to mediation.

Libya has adopted the same underlying position in its opposition to mediation in this case as it did in three other cases against Libya for acts of state-sponsored terrorism: Buonocore v. Socialist People's Arab Jamahiriya, 06-727 (GK), Certain Underwriters v. Socialist People's Arab Jamahiriya, 06-731 (GK) and Baker v. Socialist People's Arab Jamahiriya, 03-749 (GK).  Libya broadly states that "requiring the Libyan State Defendants to engage in settlement discussions simultaneously on two tracks could seriously undermine the prospect of a successful resolution of these matters", (Opp. at 2), without explaining how mediation would undermine the settlement discussions in any detail.  In Buonocore and Certain Underwriters and Baker, Judge Kessler rejected that argument and entered an

---

[1] Wall Street Journal website,

2

order referring those cases to mediation before Magistrate Judge Kay. The Court should do the same.

Counsel for Plaintiffs frequently updates the State Department as to Plaintiffs' efforts to have this case referred to mediation before a magistrate judge and the State Department has not objected to these efforts. Libya's opposition essentially adopts the position that Plaintiffs' efforts will undermine the United States Department of State's public diplomacy on behalf of Plaintiffs with the Libyan government when the State Department itself has not made such an assertion. The State Department can make its objection known either informally to counsel for Plaintiffs or formally in this proceeding through a Statement of Interest pursuant to 28 U.S.C. § 517. See e.g., Beaty v. Republic of Iraq, 480 F. Supp. 2d 60, 79 (D.D.C. 2007). If the State Department objects to mediation either informally or by formal notice, counsel for Plaintiffs will voluntarily withdraw their motion to refer the case to mediation.

The mediation process in Buonocore and Certain Underwriters and Baker is scheduled to begin June 10, 2008 before Magistrate Judge Kay. Plaintiffs respectfully request a ruling on this motion in advance of this date.

Wherefore, Plaintiffs respectfully request that the Court enter an order to submit the case to mediation.

---

http://online.wsj.com/article/SB120708876539881593.html?mod=googlenews_wsj  (last visited May 5, 2008).

Dated:  May 27, 2007                           Respectfully submitted,


**/s/ Steven R. Perles**
Steven R. Perles
Perles Law Firm, PC
1146 19th Street, NW, Fifth Floor
Washington, DC  20036
Telephone:  202-955-9055
Telefax:  202-955-3806

Counsel for Plaintiffs