# Exhibit 2

Rule 8(c) of the Federal Rules of Civil Procedure, cited by Plaintiffs for the proposition that parties must raise certain defenses in "responding to a pleading," is inapposite to the case at bar. Opp'n at 20. Rather, Rule 12(b) governs when certain defenses must be raised in a responsive pleading and when other defenses *may* be raised in a motion to dismiss. Rule 12(h)(1) then provides the defenses that will be waived if not raised in a motion to dismiss, if one is made, or in a responsive pleading. Defenses based on subject-matter jurisdiction and failure to state a claim ~~will only be waived if not raised in the responsive pleading~~are not among those defenses. Moreover, ~~i~~It is well-settled in this district that a motion to dismiss is not a "responsive pleading." *See* Fed. R. Civ. P. 7 (defining types of pleadings); *Ellipso, Inc. v. Mann*, 460 F. Supp. 2d 99, 102 (D.D.C. 2006) (noting that a "motion to dismiss is not a responsive pleading"). The Libyan State Defendants have never filed a responsive pleading in this case and this is the first motion to dismiss in response to the amended complaint. In any event, contrary to Plaintiffs' assertions, the Libyan State Defendants raised the limitations period in their prior round of briefs in support of their motion to dismiss the original complaint and the parties have argued the issue in other briefs. *See* Defs.' Mot. to Dismiss at 13-14 (Dkt. No. 14); Defs.' Reply at 2-6 (Dkt. No. 24); *see also* Dkt. Nos. 25, 26, 27.

Finally, Plaintiffs urge the Court to find that the Libyan State Defendants "waived" their limitations defense by virtue of the policy objectives underlying former Section 1605(a)(7). Opp'n at 23. Essentially, Plaintiffs ask the Court to disregard the plain language of former Section 1605(f) and conclude that the Libyan State Defendants have waived their limitations defense in favor of policy considerations. *See United States v. Wilson*, 290 F.3d 347, 352-53 (D.C. Cir. 2002) ("Our first step in interpreting a statute is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case. Our

6